UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DANIEL REYERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AUTOMOBILE INSURANCE CO.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Daniel Reyero ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant United Automobile Insurance Co. ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, supported by the investigation of Plaintiff's counsel, as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations adopted by the Federal Communications Commission ("FCC"), and Defendant's violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

2. Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages)." *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023).

3. As alleged herein, Defendant violated several provisions of both the TCPA and the FTSA by (1) placing automated calls to Plaintiff and the proposed Class ("Class," defined below) without having prior express written consent; and (2) placing telemarketing calls to telephone

numbers registered on the National Do Not Call ("DNC") Registry without prior express written consent.

4. Through this action, Plaintiff seeks injunctive relief to end Defendant's ongoing and future violations of the TCPA and the FTSA. Plaintiff also seeks an award of statutory damages and/or liquidated damages to Plaintiff and the Class.

## JURISDICTION AND VENUE

5. **Subject Matter Jurisdiction.** This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C § 1367 as those claims are so related to Plaintiff's FTSA that they form part of the same case or controversy.

6. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant because Defendant is a Florida Corporation with its principal place of business in Miami-Dade County, Florida. In addition, this suit arises out of and relates to Defendant's contacts with Florida as Defendant initiated and directed the unlawful telemarketing calls at issue from Florida to Plaintiff who received such calls while located in Florida.

7. **Venue.** Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendant resides in this district, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

8. Plaintiff is a natural person and, at all relevant times, was a resident of Alachua County, Florida.

9. Defendant is a Florida Corporation with its principal place of business in Miami-Dade County.

## FACTUAL ALLEGATIONS

10. At all relevant times, Plaintiff was the subscriber and primary user of a cellular telephone number ending in 9130.

11. The 9130 number is Plaintiff's residential line.

12. Plaintiff registered the 9130 number on the DNC, and it has been registered since November 29, 2021.

13. To promote the sale of its goods and services, Defendant engages in aggressive and intrusive telemarketing to consumers using automated technology without prior express written consent.

14. Defendant also initiates telephone solicitations to residential telephone numbers registered on the National DNC Registry, without prior express written consent.

15. Beginning around October 2024, Defendant—or third-parties acting on Defendant's behalf—began bombarding Plaintiff with unsolicited telemarketing text messages using automated technology.

16. Below, without limitation, are examples of some of the telemarketing text messages that Defendant transmitted to Plaintiff's cellular phone.




17. Plaintiff never consented to receive telemarketing from Defendant using automated means.

18. Defendant did not provide any clear and conspicuous disclosure that it would be sending telemarketing text messages to Plaintiff from Defendant.

19. The facts here also strongly suggest that Defendant used an automatic telephone dialing system to place the telephone calls at issue to Plaintiff and the Classes because (1) Plaintiff has no established business relationship with Defendant; (2) the content of Defendant's text

4

messages were generic and ostensibly designed for *en masse* transmission; and (3) the 877-978-1441 number from which Defendant's telemarketing text messages originated from was not capable of receiving incoming calls.

20. Defendant's unlawful telemarketing texts caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, violation of their statutory privacy rights, and disruption to their personal and daily life as Plaintiff received Defendants' unsolicited telemarketing messages at inconvenient times, causing Plaintiff to stop to check his phone and waste time reviewing the text messages to confirm they were not for an emergency purpose, and because Plaintiff was forced to spend time investigating Defendant and seeking legal counsel to stop Defendant's harassing actions.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

> **TCPA Autodialer Class:** All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received a telephone call, (2) by or on behalf of Defendant, (3) on their cellular phone, (4) that was sent using the same equipment or type of equipment used to call Plaintiff, (5) and who did not give prior express written consent to receive such calls.
>
> **TCPA DNC Registry Class:** All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received two or more telephone calls in any 12-month period (2) by or on behalf of Defendant, (3) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, (4) after their telephone number had been listed on the National Do Not Call Registry for at least thirty days.
>
> **FTSA Autodialer Class:** All persons in the State of Florida who, between July 1, 2021, and the date of class certification, (1) received a telephone phone call (2) by or on behalf of Defendant (3) regarding Defendant's property, goods, and/or services (4) that was sent using the same equipment or type of equipment utilized

to call Plaintiff, (5) and who did not give prior express written consent to receive such calls.

**FTSA DNC Class:** All persons in the State of Florida who, between July 1, 2021, and the date of class certification, (1) received a telephone call, (2) by or on behalf of Defendant (3) regarding Defendant's property, goods, and/or services (4) after their telephone number had been listed on the National Do Not Call Registry for at least thirty days.

22. The Classes defined above are, at times, referred to herein individual or collectively as the "Class."

23. Plaintiff reserves the right to expand or narrow the definitions of the Classes following discovery.

24. Excluded from the Class is Defendant and its employees and agents.

25. *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, at least 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery as Defendant maintains internal records that can be used to identify each member of the Class, such that identification of the Class members is a matter capable of ministerial determination from Defendant's records.

26. *Common questions of law and fact predominate.* There are numerous questions of law and fact that are common to the Class that predominate over any questions affecting only individual members of the Class, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

a. Whether Defendant placed telephone calls to the cellular phones of Plaintiff and the Class using an automatic telephone dialing system within the meaning of the TCPA;

b. Whether Defendant placed telephone calls to Plaintiff and the Class using an automated system for the selection and dialing of telephone numbers within the meaning of the FTSA;

c. Whether Defendant placed telephone calls to telephone numbers registered on the National DNC Registry;

d. Whether Defendant's telephone calls introduced an advertisement;

e. Whether Defendant's telephone calls constitute "telephone solicitations" under the TCPA;

f. Whether Defendant's telephone calls constitute "telemarketing" under the TCPA;

g. Whether Defendant's telephone calls constitute "telephonic sales calls" under the FTSA;

h. Whether Defendant can meet its burden of showing that it had prior express written consent to place telephone calls to Plaintiff and the Class using automated means;

i. Whether Defendant can meet its burden of showing that it had prior express written consent to place telephone calls to telephone numbers listed on the National DNC Registry;

j. Whether Defendant acted knowingly or willfully in placing the unlawful calls at issue;

      k.   Whether Defendant is liable to Plaintiff and the Class for statutory damages and the amount of such damages; and

      l.   Whether Defendant should be enjoined from engaging in such conduct in the future.

27.   ***Typicality.*** Plaintiff's claims are typical of the claims of each member of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

28.   ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and TCPA litigation specifically, and Plaintiff intends to vigorously prosecute this action. Plaintiff also has no interests that are antagonistic to those of the members of the Class.

29.   ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class amount to millions of dollars, the amount of individual damages available to each member of the Class as a result of Defendant's violations of law alleged herein does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30.   Further, the prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

### COUNT 1

**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)**
**(On Behalf of Plaintiff and the TCPA Autodialer Class)**

31. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

33. It is also a violation of the TCPA's implementing regulations adopted by the FCC to "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 C.F.R. § 64.1200(a)(1)(iii).

34. Additionally, it is a violation of the TCPA's implementing regulations to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64.1200(a)(2).

35. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—placed telephone calls to the cellular telephone numbers of Plaintiff and the Class using an automatic telephone dialing system.

36. The following facts strongly suggest that Defendant used an automatic telephone dialing system to make the telephone calls at issue to Plaintiff and the Class: (1) Plaintiff has no established business relationship with Defendant; (2) the content of Defendant's text messages were generic and ostensibly designed for *en masse* transmission; and (3) the 877-978-1441 number from which Defendant's telemarketing text messages originated from was not capable of receiving incoming calls.

37. Defendant did not have prior express written consent to place telephone calls to Plaintiff and the Class using an automatic telephone dialing system.

38. Defendant, therefore, violated Section 227(b)(1)(A)(iii) and the TCPA's implementing regulations in Sections 64.1200(a)(1)(iii) and (a)(2).

39. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

40. Plaintiff and the Class members are entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3)(A).

41. Plaintiff and the Class members are also entitled to an award of statutory damages of $500.00 for each telephone call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

42. Because Defendant knew or should have known that it was using an automatic telephone dialing system to place calls without prior express written consent, Defendant's violations of the TCPA were willful or knowing.

43. Under the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each telephone call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

## COUNT 2

**Violation of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA DNC Registry Class)**

44. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Count, as though fully set forth herein.

45. The TCPA established a National DNC Registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014. 61.

46. The TCPA's implementing regulations adopted by the FCC provide that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

47. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which grants a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [Section 64.1200(c)]." 47 U.S.C. § 227(c)(5).

48. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to the residential telephone lines of Plaintiff and the Class members while their telephone numbers were registered on the National DNC Registry.

49. Defendant's telephone calls to Plaintiff and the Class members constitute "telephone solicitations" under the TCPA because they were initiated "for the purpose of encouraging the purchase or rental of…property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

50. Defendant did not have prior express written consent to initiate telephone solicitations to Plaintiff and the Class while their numbers were registered on the National DNC Registry.

51. Defendant did not have prior express invitation or permission to initiate telephone solicitations to Plaintiff and the Class while their numbers were registered on the National DNC Registry.

52. Defendant does not have an established business relationship with Plaintiff or the Class.

53. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

54. Plaintiff and the Class members are entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(c)(5)(A).

55. Plaintiff and the Class members are entitled to an award of statutory damages of $500.00 for each telephone call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(c)(5)(B).

56. Because Defendant knew or should have known that it was initiating telephone solicitations to numbers on the National DNC Registry without the requisite level of consent, Defendant's violations of the TCPA were willful or knowing.

57.     Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each telephone call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(c)(5)(C).

## COUNT 3

### Violation of the FTSA, Fla. Stat. § 501.059(8)(a)
### (On Behalf of Plaintiff and the FTSA Autodialer Class)

58.     Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

59.     The FTSA prohibits a person from "mak[ing] or knowingly allow[ing] to be made an unsolicited telephonic sales call if such call involves an automated system for the selection or dialing of telephone numbers…without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

60.     Defendant made or knowingly allowed to be made unsolicited telephonic sales calls to Plaintiff and the Class using an automated system for the selection or dialing of telephone numbers.

61.     Defendant's calls to Plaintiff and the Class constitute "telephonic sales calls" under the FTSA because they were initiated "for the purpose of soliciting a sale of any consumer goods or services." Fla. Stat. § 501.059(8)(a)(1)(j).

62.     The following facts strongly suggest that Defendant used an automatic telephone dialing system to make the telephone calls at issue to Plaintiff and the Class: (1) Plaintiff has no established business relationship with Defendant; (2) the content of Defendant's text messages were generic and ostensibly designed for *en masse* transmission; and (3) the 877-978-1441 number

from which Defendant's telemarketing text messages originated from was not capable of receiving incoming calls.

63. Defendant placed the telephone calls to Plaintiff and the Class who received such calls while located in Florida.

64. Defendant did not obtain "prior express written consent" to place unsolicited telephonic sales calls to Plaintiff and the Class using an automated system for the selection and dialing of telephone numbers, as required by Section 501.059(8)(a).

65. Thus, Defendant's telephone calls to Plaintiff and the Class violated the Section 501.059(8)(a) of the FTSA.

66. Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FTSA.

67. Plaintiff and the members of the Class are entitled to an injunction against Defendant's ongoing and future violations of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(1).

68. Under Fla. Stat. § 501.059(11)(a), Plaintiff is entitled to recover reasonable attorney fees and costs from the Defendant.

## COUNT 4

**Violation of the FTSA, Fla. Stat. § 501.059(4)**
**(On Behalf of Plaintiff and the FTSA DNC Registry Class)**

69. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

70. It is a violation of the FTSA for a "telephone solicitor" to "make or cause to be made any unsolicited telephonic sales call to any residential…telephone number if the number for that telephone appears" on the National DNC Registry. Fla. Stat. § 501.059(4).

71. Defendant is, and at all times relevant was, a "telephone solicitor" as defined by Section 501.059(1)(i), because Defendant is an "organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic sales call[.]"

72. Defendant—or third-parties acting on Defendant's behalf—caused or caused to be made unsolicited telephone calls to the Plaintiff and the Class on their residential telephone number.

73. The telephone numbers of Plaintiff and the Class to which Defendant placed unsolicited telephonic calls were registered on the National DNC Registry.

74. Defendant's unsolicited telephone calls to the Plaintiff and the Class constitute "telephonic sales calls" as defined by Section 501.059(1)(j) because Defendant initiated those calls to promote its "consumer goods or services."

75. Defendant placed the telephone calls to Plaintiff and the Class from Florida who received such calls while located in Florida.

76. Defendant placed such unsolicited telephonic sales calls to Plaintiff and the Class members without their prior express written consent.

77. Thus, Defendant violated Section 501.059(4) of the FTSA.

78. Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FTSA.

79. Plaintiff and the members of the Class are entitled to an injunction against Defendant's ongoing and future violations of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(1).

80. Under Fla. Stat. § 501.059(11)(a), Plaintiff is entitled to recover reasonable attorney fees and costs from the Defendant.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

- A. An Order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;
- B. An Order declaring that Defendant's actions alleged herein violate the TCPA;
- C. An Order declaring that Defendant's actions alleged herein violate the FTSA;
- D. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;
- E. An award to Plaintiff and each member of the Class of pre- and post-judgment interest;
- F. An award to Plaintiff and the Class of their reasonable attorneys' fees and the costs of this action;

G. An injunction against Defendant's ongoing and future violations of the TCPA and the FTSA; and

H. Such further and other relief as the Court deems just and necessary.

Dated: February 11, 2025                                  Respectfully submitted,

*/s/ Christopher Gold*
Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, P.A.**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Classes*